IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TIMIKA MONTGOMERY,o/b/o, K.M.                                            PLAINTIFF


vs.                             Civil No. 4:09-cv-04001

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Motion to Remand.  (Doc. No. 7).[1]  Plaintiff requests a remand in order for the SSA to consider new evidence pursuant to 42 U.S.C. § 405(g).  *See id.*  On May 8, 2009, Defendant responded to this Motion.  (Doc. No. 10).  In this Response, Defendant objects to Plaintiff's request for a remand, stating that Plaintiff has not established this is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record."  *See id.*  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).  Pursuant to this authority, the Court issues this Order.

**1. Background:**

On August 30, 2005, Tamika Montgomery o/b/o, K.M. ("Plaintiff") protectively filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act.  (Tr. 12).  This application was denied initially and again on reconsideration.  (Tr. 12).  On March 13, 2007, the ALJ held an administrative hearing on this application.  (Tr. 140-156).  On June 16, 2007, the ALJ

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 12-23).

Thereafter, on July 13, 2007, Plaintiff submitted her Request for Review of Hearing Decision/Order to the Appeals Council. (Tr. 6-7). On July 26, 2007, October11, 2007, January 17, 2008, February 27, 2008 and October17, 2008, Plaintiff's attorney introduced additional evidence to the Appeals Council. (Doc. No. 8, Exhibit 1). On January 2, 2009, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision  (Tr. 3-5). Plaintiff now seeks a remand to require the SSA to consider the additional medical records. (Doc. No. 7).

**2. Applicable Law:**

Pursuant to 42 U.S.C. § 405(g), a court is authorized to "at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Accordingly, a claimant must make three showings in order to obtain such a remand. Specifically, the claimant must show that: (1) the evidence is new evidence; (2) the evidence is material evidence; and (3) there was good cause for the failure to incorporate the evidence into the record in the prior proceeding. *See id. See also Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1997).

For the evidence to be considered "material," that evidence must be from the relevant time period. As noted by the Eighth Circuit, "[a]n implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *Jones,* 122 F.3d at 1154. In the situation where the medical records relate to a new condition or to the deterioration of the claimant's condition after the relevant time period, the proper remedy for the claimant is to file a new

application, not seek a remand. *See id.*

### 3. Discussion:

All of Plaintiff's new evidence originated after the ALJ issued his decision on June 16, 2007. (Tr. 23). Therefore, they relate to Plaintiff's alleged deterioration after the date of the ALJ's hearing decision and after the relevant time period. Accordingly, a remand should not be granted for the consideration of those medical records. *Jones,* 122 F.3d at 1154. Accordingly, Plaintiff has not established that she is entitled to a remand pursuant to 42 U.S.C. § 405(g).

### 4. Conclusion:

Based upon the foregoing, this Court **DENIES** Plaintiff's Motion to Remand. (Doc. No. 7).

**ENTERED** this **24th day of June, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE