IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMIKA MONTGOMERY o/b/o K.M.                     PLAINTIFF

V.                         NO. 4:09-4001

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Timika Montgomery, brings this action on behalf of her minor daughter, K.M., seeking judicial review, pursuant to 42 U.S.C. §405(g), of a decision of the Commissioner of the Social Security Administration, (Commissioner) denying K.M.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

**Background**

Plaintiff protectively filed the application for SSI on K.M's behalf on August 30, 2005, alleging that K.M. was disabled due to attention deficit hyperactivity disorder (ADHD). (Tr. 54-60). An administrative video hearing was held on March 13, 2007, where Plaintiff and K.M. testified. (Tr. 140-156).

The ALJ, in a written decision dated June 16, 2007, found that K.M. was not disabled, as K.M. did not have an impairment or combination of impairments that met or medically or functionally equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 9-23). The Appeals Council denied Plaintiff's request for review on January 2, 2009. (Tr. 3-5). Subsequently, Plaintiff filed this action and both parties consented to have the undersigned decide this case.

**Motion for Remand**

Pending now before this Court is **Plaintiff's Motion to Remand**. (Doc. #13). On January 28, 2010, Defendant filed a response to the motion. (Doc. #16). In the motion, Plaintiff's counsel asserts that he submitted new evidence to the Appeals Council on July 26, 2007, October 11, 2007, January 17, 2008, February 27, 2008 and October 17, 2008, and that the Appeals Council did not acknowledge any of these records. (Doc. #14). Plaintiff's counsel argues that the newly submitted records have a direct bearing on the medical issues before the court and asks the court to grant the motion to remand this matter to include these reports and records. (Doc. #14).

In **Defendant's Response to the Motion**, Defendant first states that there is no record that Plaintiff's new evidence was ever delivered to the Appeals Council and therefore, the Agency did not have the opportunity to assess Plaintiff's new evidence. (Doc. #16). In support, Defendant attaches the Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Mr. Herbst states that in connection with this case, he caused the official claim file for the minor child K.M. to be retrieved from an offsite ODAR storage location for his review and he reviewed the file. In the course of his review of the official file, he did not locate any submissions of additional evidence to the Appeals Council within that official claim file. Mr. Herbst also states that he reviewed an internal staff processing document that was prepared by staff for presentation to the Appeals Council, as well as an electronic recommendation that was prepared by the staff, and found no new evidence had been submitted in connection with the request for review. (Agency Ex. 1 to Doc. 16).

Each of the letters submitted by Plaintiff's counsel to the Appeals Council with accompanying attachments are addressed to the "Appeals Council, Office of Hearings & Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255." The court is unsure why the Appeals Council did not receive the documents, but clearly, the Plaintiff made a good faith effort to present the documents to the Appeals Council for review. Even if the Appeals Council did not have the documents before it, the court finds it appropriate to address the issue of whether the documents should be considered by the Commissioner, along with the rest of the record.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. §405(g); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Secretary's determination." Woolf, 3 F.3d at 1215.

A majority of the evidence used as a basis for remand did not exist on June 16, 2007, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings. Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir. 1993)(citing Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991).

Next, the court considers the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas, 928 F.2d at 260 (quoting Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir.

1990)); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984)("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status").

Among the group of new documents presented is a letter dated July 23, 2007, from Dr. Roger House, wherein he stated that he first saw K.M. on June 29, 2007.[1] Dr. House noted that K.M. was taking Adderall 15 mg., and that he discontinued the Adderall and started her on Abilify 2 mg. on July 3, 2007. Dr. House also diagnosed K.M. with:

> Axis I: Bipolar Disorder, NOS, Enuresis; diurnal. Specific Learning Disorder in reading; and Tourettes Syndrome; Axis III: Traction Alopecia.

(Ex. E-32). This information was obtained less than two weeks after the ALJ issued his decision on June 16, 2007, and it would be disingenuous for the court to conclude that it was not material or probative of K.M.'s condition for the time period for which benefits were denied. Cf. Jackson v. Apfel, 162 F.3d 533, 539 (8th Cir. 1998)(document dated twenty-two months after ALJ decision not closely enough related in time to either the ALJ's decision or the Appeals Council's denial of review to warrant remanding the case for further consideration)(citing Goad, 7 F.3d at 1398).

Other new documents presented contain comments about K.M.'s behavior during the Fall of 2007, January and February of 2008 and October of 2008. A letter dated October 2, 2007 from K.M.'s 5th grade Math teacher, written only three and a half months after the ALJ's decision, indicated that she had seen a wide variety of unacceptable behaviors from K.M., that she was very impulsive and had to have her needs met immediately, interrupted teachers, yelled to get her point

---

[1] Dr. House's letter contained a typographical error, identifying the date K.M. was first seen as June 29, 3007, but the letter itself is dated July 23, 2007.

across and was wildly unpredictable, with little self-control. Although the teacher noted that K.M.'s test scores were high, she had been to "In-School-Suspension" several times since school started with no signs of improvement. (Exhibit D-29). Another new document, dated October 5, 2007, was from K.M.'s 5th grade Science and Social Studies teacher, wherein the teacher stated that K.M. had a C in Science and F in Social Studies. She stated that K.M. was constantly yelling out and disturbing the classroom, trying to start arguments between other students, not working to her full potential, and that as soon as she walked in the classroom, "it is obvious what kind of day we will be having-very good, or very bad." (Ex. D-30). She further stated that K.M. had been spending so much time in "In-School-Suspension" that she was missing a large amount of class time, and was getting farther and farther behind in her work. Another document dated October 5, 2007, from K.M.'s Literacy teacher echoed the other teachers. (Ex. D-31). Documents completed in October of 2008 indicated that K.M. had anger problems, was defiant, pinched someone in class and back-talked the teacher, continuously talked and disturbed the class, argued with other students, had problems with profanity, cursing, offensive/abusive language and bullying. Documents completed in January of 2008 reflected that K.M. was determined to be eligible for assistance in the regular classroom under Section 504 of the Rehabilitation Act of 1973. (Ex. A1-A3, B4-B5, C1-C22).

      The court finds that the new evidence which is the subject of the remand motion is non-cumulative, relevant and probative of K.M.'s condition for the time period for which benefits were denied, and that there is a reasonable likelihood that the new documents would have changed the Commissioner's determination.

      Based upon the foregoing, the court finds that remand is appropriate for consideration of the new and material evidence submitted by Plaintiff. This evidence appears to indicate that Plaintiff's

impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. See Geigle v. Sullivan, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

**Conclusion:**

For the above stated reasons, the court grants Plaintiff's motion to remand for consideration of the new and material evidence, and remands this matter to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. §405(g).

IT IS SO ORDERED this 18th day of February, 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE