IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMIKA MONTGOMERY o/b/o K.M.                                      PLAINTIFF

V.                                         NO. 09-4001

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                DEFENDANT

## O R D E R

       Plaintiff, Timika Montgomery, o/b/o K.M., appealed the Commissioner's denial of benefits to this Court. On February 18, 2010, judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18). Plaintiff now moves for an award of $2,376.00 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 14.4 attorney hours of work before the Court in 2009, 2010, and 2011, at an hourly rate of $165.00. (Doc. 27). Defendant has filed a response, stating that he does not oppose an award to Plaintiff in the amount requested. (Doc. 28).

       Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $165.00 for

AO72A
(Rev. 8/82)

work in 2009, 2010, and 2011, for the 14.4 attorney hours which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the CPI. Plaintiff's counsel submitted a CPI in support of his requested hourly rate. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.

   The Court finds that an award based upon an hourly rate of $165.00 for work done in 2009, 2010, and 2011, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

   The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case. The Court has reviewed Plaintiff's counsel's request and finds the number of hours requested by Plaintiff's counsel is reasonable.

   Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 14.4 hours at an hourly rate of $165.00 for work performed in 2009, 2010, and 2011, for a total attorney's fee award of $2,376.00. This amount should be paid in

addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED AND ADJUDGED this 22nd day of March, 2012.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)